Filed 10/17/23  P. v. Thurston CA4/2

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E081379 |
| v. | (Super.Ct.No. FVI21000897) |
| DARREN THURSTON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  John P. Vander Feer, Judge.  Affirmed.

Darren Thurston, in pro. per.; and Robert L. Hernandez, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

# I.

## INTRODUCTION

Following a probation revocation hearing, the trial court found that defendant and appellant Darren Thurston violated the terms and conditions of his probation. The court thereafter terminated defendant's probation and sentenced him to a total term of three years in state prison with 800 days' credit for time served. Defendant's appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), requesting this court to conduct an independent review of the record. In addition, defendant has had an opportunity to file a supplemental brief with this court and has done so. This appeal is not subject to *Wende* review because it is not a direct appeal from a criminal conviction. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 226-228 (*Delgadillo*) [appeal from postconviction order denying section 1172.6 petition for resentencing not subject to *Wende* review]; *People v. Freeman* (2021) 61 Cal.App.5th 126, 134 (*Freeman*) [appeal from order revoking and reinstating postrelease community supervision not subject to *Wende* review].) Nonetheless, because defendant has filed a personal brief, and having considered his supplemental brief in accordance with *Delgadillo*, *supra*, 14 Cal.5th 216, we shall affirm the judgment.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

On March 23, 2023, police officers responded to defendant's home in regards to a domestic disturbance report. Upon arrival, defendant's wife informed the officers that defendant had been away from the home for two days but had returned that day. She believed defendant may have been under the influence of drugs. While defendant's wife was vacuuming in the house, defendant became angry and began yelling at her. When the family dog became protective of the wife, defendant hit the dog in the head with a hatchet. Defendant then threatened to kill his wife. Defendant's wife attempted to treat the injured dog and wanted to take the dog to a veterinarian to try to save it. While defendant's wife started to leave the room to get her children, defendant shot the dog twice, killing it.

In April 2021, a first amended felony complaint was filed charging defendant with making criminal threats (Pen. Code, § 422, subd. (a); count 1); discharging a firearm with gross negligence (Pen. Code, § 246.3, subd. (a); count 2); dissuading a witness by threat or force (Pen. Code, § 136.1, subd. (c)(1); count 3); two counts of cruelty to an animal (Pen. Code, § 597, subd. (a); counts 4 & 5); possession of a controlled substance with a firearm (Health & Saf. Code, § 11370.1, subd. (a); count 6); possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1); count 7); and possession of ammunition by a felon (Pen. Code, § 30305, subd. (a)(1); count 8). The first amended complaint also

---

[1] A summary of the factual background of the underlying offenses is taken from the police report.

3

alleged that defendant personally used a firearm (Pen. Code, § 12022.5, subd. (a)) in the commission of counts 1, 3, 4, and 5.

On November 23, 2021, pursuant to a negotiated disposition, defendant pled no contest to making criminal threats (count 1) and cruelty to an animal (count 5). In return, the remaining charges and enhancement allegations were dismissed, and defendant was placed on formal probation for a period of three years on various terms and conditions of probation. As part of the negotiated plea, defendant agreed to a sentence of the upper term of three years on count 1 and a concurrent three-year term on count 5, both to be suspended pending completion of three years of probation. Defendant also stipulated that there were aggravating factors that warranted imposition of the upper term sentence.

On October 20, 2022, defendant's probationary terms were modified to include ankle global positioning system monitoring and to add an electronic search and seizure condition.

On December 20, 2022, the probation department filed a petition to revoke defendant's probation, alleging defendant had tested positive for illegal drugs, failed to report to probation numerous times as directed, failed to complete a 52-week domestic violence program, and failed to provide a password to his cellular phone when it was requested by his probation officer. Defendant was also arrested for disorderly conduct in November 2022, and admitted to using and being under the influence of ecstasy, methamphetamine, and marijuana. Defendant's probation was thereafter revoked.

Defendant requested a formal probation revocation hearing pursuant to *People v. Vickers* (1972) 8 Cal.3d 451. At a hearing on March 17, 2023, defendant informed the court that he wanted to represent himself. Defendant submitted a *Faretta*[2] waiver form, in which he initialed some but not all of the boxes. The trial court then went through the *Faretta* waiver form with defendant line by line and confirmed that defendant understood each of the statements on the form, including the statements that defendant failed to initial on the form. After explaining the perils of self-representation and examining the waiver form with defendant, the court found that defendant had made a knowing and voluntary waiver of his right to counsel and allowed defendant to represent himself.

The formal revocation hearing began on March 23, 2023, and resumed on April 7, 2023. In response to the court's query, defendant reaffirmed on both dates that he wanted to continue representing himself.

The only witness to testify at the revocation hearing was defendant's assigned probation officer. Defendant's probation officer testified that she had been assigned to defendant since December 2021. She had directed defendant to enroll in a substance abuse treatment program with the Department of Behavioral Health, but he did not enroll. Defendant was enrolled in a 52-week domestic violence program, but his participation was terminated on July 5, 2022, due to excessive absences. Defendant reenrolled in the program on July 21, 2022, but never completed it, and was terminated from the program a second time on December 8, 2022.

---

[2] *Faretta v. California* (1975) 422 U.S. 806.

Defendant's probation officer also testified that defendant failed to report to probation as instructed on 12 different occasions and had tested positive for drugs on different dates. On August 15, 2022, defendant tested positive for marijuana, and admitted to using marijuana. On September 29, 2022, defendant tested positive for methamphetamine. Defendant also admitted to using methamphetamine at the time. When defendant was arrested on December 16, 2022, for violating the terms of his probation, he admitted to being on Adderall and marijuana.

Defendant did not testify on his own behalf. Following argument by the parties, the trial court found by a preponderance of the evidence that defendant had violated the terms of his probation. Specifically, the court found that defendant used or possessed a controlled substance without a prescription; defendant failed to participate in a rehabilitation program as directed by his probation officer; defendant failed to report to probation as directed; and defendant failed to complete a 52-week domestic violence program. Defendant thereafter requested to be represented by counsel for sentencing and the public defender was reappointed.

On May 19, 2023, the trial court terminated defendant's probation and imposed the previously suspended sentence of the upper term of three years on count 1 and a concurrent upper term of three years on count 5. Defendant was ordered to pay a $300 restitution fine (Pen. Code, § 1202.4) and a stayed $300 parole revocation fine (Pen. Code, § 1202.45), and awarded 800 days' credit for time served. Defendant timely appealed.

6

III.

DISCUSSION

After defendant appealed, upon his request, this court appointed counsel to represent him. Upon examination of the record, counsel filed a brief under the authority of *Wende*, *supra*, 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues and requesting this court to conduct an independent review of the record. Counsel has identified potential issues of whether there was substantial evidence to support the trial court's finding defendant violated the terms of his probation, whether the court erred in revoking defendant's probation, and whether defendant knowingly and voluntarily waived his right to counsel.

We offered defendant an opportunity to file a personal supplemental brief, and he has done so. In his three-page letter brief, defendant generally argues that his constitutional rights were violated, the charges against him must be dropped because his wife had written a letter to the court protesting to his innocence, his sentence was illegal, and his probation officer lied during her testimony because she disliked him.

In *Wende*, our Supreme Court held that "Courts of Appeal must conduct a review of the entire record whenever appointed counsel submits a brief on direct appeal which raises no specific issues or describes the appeal as frivolous." (*Delgadillo*, *supra*, 14 Cal.5th at p. 221.) The *Wende* procedure applies "to the first appeal as of right and is

7

compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution." (*Delgadillo*, at p. 221.)

In *Delgadillo*, *supra*, 14 Cal.5th 216, the Supreme Court held that the *Wende* independent review procedure is not constitutionally required in an appeal from a postconviction order denying a section 1172.6 petition for resentencing because the denial does not implicate a defendant's constitutional right to counsel in a first appeal as of right. (*Delgadillo*, at pp. 222, 224-226.) In *Freeman*, *supra*, 61 Cal.App.5th 126, the Court of Appeal held that there is no right to *Wende* review from an order finding a violation of a condition of the defendant's postrelease community supervision commitment, as *Wende* review "was established to protect the federal constitutional right to the effective assistance of counsel in a *direct appeal from a criminal conviction*." (*Id.* at p. 134, italics added.)

The Supreme Court in *Delgadillo* further found that general due process principles regarding fundamental fairness do not compel a *Wende* independent review of the order. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 229-232.) However, the court explained that if a no-issues brief is filed in a section 1172.6 appeal and the defendant then "files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Delgadillo*, at p. 232.) Likewise, *Freeman* explained that "[w]hen an appellant files a pro se supplemental brief in a *Wende* case, the appellate court must address the specific issues raised and, if they lack merit, explain why they fail." (*Freeman*, *supra*, 61 Cal.App.5th at p. 134.) We are

8

not required to conduct "an independent review of the entire record to identify unraised issues" but may do so at our discretion. (*Delgadillo*, at p. 232 ["While it is wholly within the court's discretion, the Court of Appeal is not barred from conducting its own independent review of the record in any individual section 1172.6 appeal."])

While *Delgadillo* addressed the application of *Wende*'s review procedures in the context of a postconviction relief order under section 1172.6 (*Delgadillo*, *supra*, 14 Cal.5th at p. 231, fn. 5 ["[i]n this case, we are not deciding *Wende*'s application to other postconviction contexts, which may present different considerations"]), and *Freeman* tackled the application of *Wende* in the context of postrelease community supervision revocation, which is not the type of postconviction order at issue here, the same principles may nonetheless apply given that this does not appear to be a first appeal as of right. Following *Delgadillo*'s and *Freeman*'s guidance, we shall consider the arguments defendant raises in his supplemental brief.

In this case, there is nothing in the record to support defendant's general and conclusory claims. Pursuant to a negotiated disposition, defendant voluntarily pled no contest to counts 1 and 5. In return, the remaining counts and enhancement allegations were dismissed, and defendant was placed on supervised probation on various terms and conditions. Defendant agreed to the sentence imposed by the trial court. In addition, there is substantial evidence in the record to support the trial court's conclusion that defendant violated the terms of his probation by a preponderance of the evidence.

A trial court may revoke mandatory supervision when it has reason to believe the person under supervision has committed another offense or has otherwise violated the terms of supervision. (Pen. Code, § 1203.2, subd. (a).) "The prosecution must prove the grounds for revocation by a preponderance of the evidence." (*People v. Buell* (2017) 16 Cal.App.5th 682, 687 (*Buell*).) On appeal, we consider "'whether, upon review of the entire record, there is substantial evidence of solid value, contradicted or uncontradicted, which will support the trial court's decision.'" (*Ibid.*) Substantial evidence is "'evidence that is reasonable, credible, and of solid value.'" (*People v. Powell* (2018) 5 Cal.5th 921, 944.) "We 'give great deference to the trial court and resolve all inferences and intendments in favor of the judgment. Similarly, all conflicting evidence will be resolved in favor of the decision.'" (*Buell*, at p. 687.) Here, defendant admitted to using marijuana, methamphetamine, and ecstasy. Defendant's probation officer testified that defendant failed to complete his domestic abuse probation, participate in a rehabilitation program as directed, report to probation as directed, and complete a 52-week domestic violence program. Defendant did not present any contrary evidence. The trial court found defendant's probation officer's testimony to be credible by finding defendant violated the terms of his probation for the reasons stated above. The trial court did not err in finding defendant violated the terms of his probation and subsequently revoking his probation.

IV.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:


RAMIREZ
P. J.


MENETREZ
J.


11